Vance Countryman (5-2980)
VANCE T. COUNTRYMAN, P.C.
233 Garfield Street
Lander, Wyoming 82520
(307) 335-7075
(307) 335-7082
vance@lawyersforwyoming.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2017 SEP 27  PM 4: 25

STEPHAN HARRIS, CLERK
CASPER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CORA ROBINSON, as the Wrongful Death Representative for the Claimants Entitled to Recover for the Wrongful Death of HERBERT ROBINSON, Deceased | ) ) ) ) |
| | ) CIVIL ACTION NO. 17CV166-F |
| VS. | ) ) |
| RIMEX, INC. and KUHR TRUCKING, LLC. | ) ) |

## COMPLAINT

COMES NOW Plaintiff and for her Complaint against Defendants states as follows:

### JURISDICTION AND VENUE

1. Plaintiff, Cora Robinson, is a resident of Wyoming, who currently resides in Fort Laramie, Wyoming. Cora Robinson was appointed Wrongful Death Representative of Herbert Robinson on August 31, 2017. (Attached Exhibit 1).

2. Defendant Rimex, Inc., hereinafter "Rimex", is a Nevada corporation with its principle place of business at 4415 W. Magnolia Street, Phoenix, AZ, and at all times material herein was authorized to and was doing business in the State of Wyoming.

3. Defendant Kuhr Trucking, LLC, hereafter "Kuhr", is a Utah corporation with its principle

Receipt # CAS0001967
Summons: 2 issued
___ not issued

place of business at 3180 Highway 22 N, Dickinson, North Dakota, and at all times material herein was doing business in the State of Wyoming.

4. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest.

5. Jurisdiction of the above-named Court is invoked over Plaintiff's claim pursuant to 28 U.S.C.§1332(a)(2) on the grounds of diversity of citizenship and jurisdictional amount.

6. Venue of this action is properly in the United States District Court for the District of Wyoming, under the facts set forth herein pursuant to 28 U.S.C.§1391(a).

7. Pursuant to W.S. §2-14-105(b) a copy of this Complaint was served on the Director and the Attorney General by certified mail, return receipt requested simultaneously with the filing of this Complaint.

## JURY DEMAND

8. Plaintiff hereby demands a jury trial of all issues pursuant to FRCP 38.

## STATEMENT OF FACTS

9. On September 30, 2015, Herbert Allen Robinson was called and directed by Kuhr to repair a tire on its truck mounted crane that was in transit on I-90. As Mr. Robinson was removing the lug nuts from the tire, the rim assembly exploded, killing Mr. Robinson.

10. The rim that exploded was a split rim design that was mounted on the right rear center axle, outer dual, on a multi axle truck mounted crane. Said rim assembly was sold and manufactured by Rimex.

11. Rimex as the manufacturers of the split rim assembly designed, manufactured, sold and placed the same into the stream of commerce.

12. Said split rim assembly suddenly and unexpectedly exploded into Mr. Robinson crushing his torso which resulted in his death approximately 10 minutes after the rim exploded.

13. The rim system involved in the death of Mr. Robinson was further placed into the stream of commerce by Kuhr.

### NEGLIGENCE OF RIMEX & KUHR

14. At the time of the design, manufacture, distribution and sale of the rim system by Rimex for use on the truck mounted crane in question, said multi-piece rim system was defective in its design and manufacture. Said rim assembly had a proclivity to blow apart and explode when put to the use intended and anticipated.

15. Kuhr knowing the split rim assembly had a proclivity to blow apart and explode selected and purchased the multi-piece rim system for its use on the truck mounted crane in question.

16. The aforementioned proclivity was known to Defendants prior to the sale and purchase of the rim in question and the rim manufacturing date involved in the explosive disassembly killing Mr. Robinson. Defendants knew or should have known that the product was defective.

17. Defendants failed to warn or instruct of said defects and failed to warn that the interfacing locking surfaces of the rim system could explode onto a user simply removing the lug nuts that held the rim assembly on a truck axle. That Defendants failed to warn that while the rim assembly could be in a position of its normal and intended use would disengage and explode, and failed to warn that the rim assembly was obsolete and should not be used or handled.

18. The rim assembly that exploded and killed Mr. Robinson was defective and unreasonably

dangerous to Mr. Robinson because it was unsafe when put to its intended and foreseeable use in this case and that said explosion was reasonably foreseeable considering the nature and function of the product by Defendants.

19. Defendants were further careless, negligent, willful and wanton in their failure to provide additional warnings, instructions and/or replace or recall said rim assemblies when it became known to Defendants that the rim assembly had a proclivity to explode while inflated and mounted on an axle of a truck by simply removing the lug nuts.

20. Defendants knew there were other safer alternatives available in the marketplace and were further negligent in failing to conform to the specifications in the processing and assembly of said component parts, and that said material defects caused parts to fit improperly or otherwise become unsafe.

21. Defendants were further negligent in failing to inspect and test the rim assembly to determine the presence of any defects which makes this product unsafe for its intended use and for any reasonably foreseeable uses.

22. At the time of the design, manufacture, distribution, and sale of the subject rim system, and prior to Mr. Robinson's death, Defendants knew or should have known through their agents, officers and employees that the design, configuration, materials, instructions and warnings of the rim components presented an extreme and unusual hazard to the motoring public, to truck owners and users including but not limited to anyone attempting to mount, inflate, handle, store or transport said inflated rim assembly. That with such knowledge Defendants negligently, willfully, recklessly, fraudulently, carelessly and intentionally disregarded the safety of the motoring public and Mr. Robinson in the following additional respects:

a. Ignored many failures of the rim components prior to first use by anyone, and continued to provide said rim component parts with such actual knowledge;

b. Ignored and failed to promote other more available safer alternative designs of multi-piece rims and single piece rims;

c. Manufactured, distributed and sold split rim component parts including Rimex manufacturing and selling the rim assembly, and Rimex continued to sell the rim assembly knowing said rim assemblies to be extremely hazardous;

d. Failed to recall, retrofit or warn about the extreme danger of assembly parts following a 1970-73 investigation by the Office of Defects and Investigation of the National Highway Traffic Safety Administration in which investigation of the safety hazard of the rim assembly was reported and documented;

e. Refused to drop the use and sale of the rim assembly even though the interfacing locking surfaces of the rim base and ring could not be observed by users of said rim components and said Defendants continued to use, manufacture, sell, and use rim components as replacement OEM parts for trucks knowing that they should be outlawed and illegal, and were extremely dangerous and hazardous to the motoring public;

f. Failed to warn that the rim components could explosively disengage even while mounted on a fully assembled wheel on the axle of a truck by simply removing the lug nuts, and have caused numerous injuries resulting in innocent users to include Mr. Robinson, being killed, blinded and maimed throughout the United States and North America;

g. Continuing to promote the safety of said rim assembly after two separate

       investigations by the Office of Defects and Investigation of the National Highway Traffic Safety Administration, and perpetuating the use of said multi-piece wheels while at the same time selling tubes, flaps and tires for use on said assemblies and supplying and making available multi-piece rims for trucks as OEM replacement wheel components;

  h.   Failing to warn of the reputation and hazards of said rim assemblies despite knowledge that the rim assembly was known as "the suicide rim" and known by rim and tire manufacturers that said rim assembly have a high rate of injury and death;

  i.   Failing to publicize that all rim and ring components by 1970 and later were known to be extremely hazardous and dangerous and were no longer manufactured and sold after 1974, while representing to the motoring public that split rim assemblies were safe and could last the life of the original vehicle or longer;

  j.   Failing to undertake a reasonable and meaningful consumer notification and recall campaign.

21. That said rim assembly involved in causing the death of Mr. Robinson was defective in its design and that said defect existed when the product left the possession of Rimex and use by Kuhr. That said defect herein before alleged made said rim components unreasonably dangerous to users and consumers including Mr. Robinson, and the injuries and death of Mr. Robinson occurred from using the product in a manner that was anticipated and/ or reasonably foreseeable at the time the product left the possession of Rimex and used by Kuhr.

22. That Defendants were further careless and negligent in failing to provide proper warnings and instructions to consumers and users including Mr. Robinson of the dangers associated with the use of said rim assembly, and were further careless and negligent in failing to provide additional post sale warnings and instructions, after said components were manufactured and sold, and failed to advise the public that said rim components were manufactured or sold after 1974 and thereby Defendants and each of them breached their continuing duty to warn Mr. Robinson, and that said breach of duty to continue to warn was a direct and proximate cause of the death of Mr. Robinson.

## STRICT LIABILITY

23. At the time of Mr. Robinson's death, the rim assembly was in substantially the same condition as when it was designed, manufactured, patented, sold, distributed and placed into the stream of commerce by Defendants. Said rim assembly was used by Mr. Robinson in a manner reasonably intended to be used and which Defendants anticipated its use; that is, to hold and contain an inflated truck tire that would from time to time require the rim assembly and tire to be removed from the axle.

24. That because of the aforesaid defects in the design, manufacture, material, and failure to instruct and warn of the rim assembly, it exploded and killed Mr. Robinson.

25. That Defendants designers, manufacturers and sellers of said rim assembly knew or should have reasonably known that said multi-piece rim design was a product in a defective condition unreasonably dangerous to the user or consumer at the time the rim assembly was placed in the stream of commerce and are strictly liable to Plaintiff.

## DAMAGES

26. As a direct and proximate result of the foregoing defects, negligent, careless, willful,

wanton, fraudulent and intentional conduct of Defendants in the manufacturing, selling and promotion of said rim assembly with actual and/ or constructive knowledge of the hazards involving the foreseeable uses of said product, and the careless, negligent, intentional and willful failure to instruct, warn and/ or recall said rim components, Mr. Robinson was killed.

27. As a direct and proximate result of the foregoing defects, negligence, careless, willful, wanton, fraudulent and intentional conduct of the Defendants in the use, manufacturing, sale and promotion of said rim assembly with actual knowledge of the hazards involving the foreseeable uses of said product, and the careless, negligent, intentional and willful failure to instruct, warn and/ or recall of said rim components, the claimants of Mr. Robinson have in the past and will in the future sustain damages to include the loss of their father Herbert Robinson's, comfort, services, support, society, companionship and relationship; that Plaintiff, Cora Robinson, has in the past and will in the future suffer the loss of Herbert Robinson's consortium, services, society, and income all to their damage.

## SPOLIATION

28. Kuhr took possession of the rim, Kuhr knew, or should have known, that Plaintiff was likely to bring a lawsuit against it for the death of Mr. Robinson;

29. Plaintiff believes and therefore alleges that Kuhr knew or should have known that the rim that caused Mr. Robinson's death was relevant to Plaintiff's burden of showing the rim in question was defective;

30. Plaintiff believes and therefore alleges that Kuhr destroyed and or disposed of the rim that caused Mr. Robinson's death.

31. Plaintiff believes Kuhr disposed of the rim in an effort to prejudice Plaintiff's ability to

meet its burden of proof in this matter.

32. Kuhr's conduct was willful and wanton and damages as permitted by law should be awarded for discarding and or the destruction of the rim that caused the death of Mr. Robinson.

## EXEMPLARY DAMAGES

33. Because of the foregoing conduct of Defendants and their willful and wanton disregard for the rights and safety of others, Defendants should be punished and deterred from similar future conduct by an award of exemplary damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendants and in her favor for compensatory damages and exemplary damages in an amount to be determined at the time of trial in accord with Plaintiff's burden of proof but in an amount greater than the jurisdictional minimum of the Court, together with their costs and disbursements incurred herein and for such other and further relief as the Court deems just and equitable including pre and post-verdict interest.

DATED this 25 day of September, 2017.

Respectfully submitted,
Cora Robinson, as the Wrongful Death
Representative For the Claimants Entitled to
Recover for the Wrongful Death of Herbert
Robinson, Deceased,

By: _____
Vance Countryman
Attorney for Plaintiff
VANCE T. COUNTRYMAN, P.C.
Wyoming State Bar Number: 5-2980
233 Garfield Street
Lander, Wyoming 82520
(307) 335-7075
(307) 335-7082 Facsimile



IN THE DISTRICT COURT OF CROOKE COUNTY, WYOMING

SIXTH JUDICIAL DISTRICT

**FILED**
CROOK COUNTY
AUG 3 1 2017
CHRISTINA R. WOOD
CLERK OF THE DISTRICT COURT
BY_____

In the Matter of the Wrongful Death of )
Herbert Robinson, deceased. )
) Civil Action No. 8518
)
)
)

## ORDER OF APPOINTMENT OF WRONGFUL DEATH REPRESENTATIVE

The petition of Cora Robinson seeking Appointment as the Wrongful Death Representative of Herbert Robinson, deceased, for the purpose of investigating, pursuing and prosecuting a wrongful death action pursuant to applicable law, having come before the Court, finds as follows:

That Herbert Robinson died on September, 30, 2015, in Crooke County, State of Wyoming; that Herbert Robinson was a resident of Aladdin, Crooke County, Wyoming at the time of his death;

At issue is a claim for the wrongful death of Herbert Robinson, and this Petition is filed in Wyoming for the appointment of a representative for purposes of investigating, pursuing and prosecuting that wrongful death claim, and all other purposes provided by W.S. §1-38-101—105.

That Petitioner seeks appointment as a wrongful death civil code representative of Herbert Robinson in Crooke County, State of Wyoming for the purpose of investigating, pursuing and prosecuting a wrongful death claim on behalf of the wrongful death beneficiaries of Herbert Robinson, deceased.

That the next of kin of the deceased and for whom your petitioner is advised and believes and, therefore, alleges to include the potential wrongful death beneficiaries of said deceased are:

Certificate of Clerk of the District Court. The above is a true and correct copy of the original instrument which is on file or of record in this court.

Done this 31st day August 20 17

CHRISTINA R. WOOD
................................................ Clerk
By..Beth Mabbutt........ Deputy

Chelsea Robinson DOB:05/23/1988
Po Box 24
Lamar, PA 16848

Herbert Robinson DOB: 08/12/1990
11 Lionel Lane
Millhall, PA 17751

That the best interests of the potential beneficiaries as a whole will be served by the appointment of Cora Robinson as the wrongful death representative.

Pursuant to W.S. §1-38-104, Cora Robinson asserts that the best interest of the potential beneficiaries as a whole will be served by appointment of her as the wrongful death representative. Cora Robinson has competently pursued the rights of the wrongful death beneficiaries by obtaining legal counsel. Cora Robinson is more than 18 years old and has the experience and financial and physical ability to pursue the rights of the wrongful death beneficiaries. There is no known family disharmony that would affect her serving at the wrongful death representative.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Cora Robinson is hereby appointed as the Wrongful Death Representative of Herbert Robinson, deceased, and this Court hereby confirms and ratifies the appointment of Cora Robinson as the Wrongful Death Representative to pursue and prosecute a wrongful death claim on behalf of the proper beneficiaries and parties pursuant to Wyo. Stat. §1-38-101 through 105.

FURTHER, the known wrongful death beneficiaries will be mailed a copy of this petition by certified mail, return receipt requested, with notification that, if qualified, they may intervene as a matter of right pursuant to W.S. §1-38-103.

DONE this \_\_30\_\_ day of \_\_Aug\_\_, 2017.

BY THE COURT:

ORIGINAL SIGNED BY:
MICHAEL N. DEEGAN
_____
DISTRICT COURT JUDGE